UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 13-11578-GAO

BRIAN HOST,
Plaintiff,

v.

FIRST UNUM LIFE INSURANCE COMPANY AND UNUM GROUP,
Defendants.

OPINION AND ORDER
July 13, 2016

O'TOOLE, D.J.

The plaintiff, Brian Host, brought this action against the defendants, First Unum Life Insurance Company and Unum Group (collectively, "Unum"), under the Employee Retirement Income Security Act of 1974 ("ERISA"), challenging Unum's denial of his claim for long-term disability benefits.

Host was a highly paid executive at Deutsche Bank. His total compensation included a base salary, a substantial bonus, and equity awards. In the fall of 2009, Host suffered a back injury that prevented him from traveling by air, something he had done extensively in connection with his job before the injury. According to him, notwithstanding his injury he continued working full-time, albeit without the travel. The following February, the time when annual bonuses were announced, Deutsche Bank notified him that he would receive no bonus for 2009 and that he could expect to be terminated as an employee. He was terminated at the end of April, 2010. His subsequent claim for benefits was denied by Unum, as was his subsequent administrative appeal.

Before the Court are Unum's motion for summary judgment, Host's motion to remand, and Host's motion to expand the record.

Where, as here, a benefit plan gives the plan administrator discretionary authority to determine eligibility for benefits or to construe terms of the plan, judicial review is for an abuse of discretion.

> In the ERISA context, this metric is equivalent to the familiar arbitrary and capricious standard. Whatever label is applied, the relevant standard asks whether a plan administrator's determination is plausible in light of the record as a whole, or, put another way, whether the decision is supported by substantial evidence in the record.
>
> Even though this standard of review is deferential, we hasten to add that there is a sharp distinction between deferential review and no review at all. Applying a deferential standard of review does not mean that the plan administrator will prevail on the merits. In order to withstand scrutiny, the plan administrator's determinations must be reasoned and supported by substantial evidence. In short, they must be reasonable.

Colby v. Union Sec. Ins. Co. & Mgmt. Co. for Merrimack Anesthesia Assocs. Long Term Disability Plan, 705 F.3d 58, 61–62 (1st Cir. 2013) (internal citations and quotation marks omitted).

"Evidence is substantial if it is reasonably sufficient to support a conclusion, and the existence of contrary evidence does not, in itself, make the administrator's decision arbitrary." Gannon v. Metro. Life Ins. Co., 360 F.3d 211, 213 (1st Cir. 2004) (citation omitted); accord Doyle v. Paul Revere Life Ins. Co., 144 F.3d 181, 184 (1st Cir. 1998) ("Substantial evidence, in turn, means evidence reasonably sufficient to support a conclusion. Sufficiency, of course, does not disappear merely by reason of contradictory evidence." (citation omitted)).

The factual basis for Unum's denial of Host's claim for long-term disability benefits and subsequent rejection of his appeal came essentially from three telephone conversations with Shari Goldfarb, a Human Resources employee at Deutsche Bank. (See Administrative Record at 367–72, 479–84 [hereinafter R.].) As far as the record discloses, during those three conversations, Goldfarb provided only summary—and arguably inconsistent—information about the basis of

Host's income loss. (See id. at 63 (noting that Host's job would be eliminated, and the bank did not regard him as disabled because he continued to work full-time); id. at 301 (stating that Host's bonus loss was driven by the economy and his individual performance and not a result of his injury, and Host would not have received a bonus regardless of his injury); id. at 477 (explaining that Host had been targeted for termination on a "restructure list" drawn up prior to his injury, bonus decisions and amounts were based on the economic environment, and Host was in a business sector that did not perform well).)

During Unum's review of Host's benefits application, Host had provided information that cast doubt on Goldfarb's claims, including information that suggested he outperformed peers at least through 2008 and that 2009 bonuses had increased both within his division at the bank and generally across Wall Street. Furthermore, and significantly, Host reported to Unum that he had filed a charge of disability discrimination with the Massachusetts Commission against Discrimination and the Equal Employment Opportunity Commission against the bank in December 2010—only one month before Goldfarb informed Unum for the first time that Host had been on a pre-injury restructure list. In light of the significant differences between Host's and Deutsche Bank's versions of the bases for the denial of a bonus and his later termination, Unum's reliance on the perfunctory explanations offered by Goldfarb in three telephone conversations to determine the basis of Host's loss of income was not reasonable. See Colby, 705 F.3d at 61–62.

The information supplied by Goldfarb was not sufficiently reliable on its face to justify Unum's decision when that information was contradicted or impeached by Host's generally more detailed information. In particular, Unum had two indications that Goldfarb's limited information might not be reliable enough to base its benefits decision on: Goldfarb told Unum that the bank's legal department told her not to respond in writing to Unum, but only orally, (R. at 301), and it

was only after Host had filed a formal disability discrimination claim against the bank that Goldfarb mentioned that the plan to terminate Host was formulated before his injury, (id. at 477). Unum had the ability under the disability policy to compel Deutsche Bank to provide any information reasonably required to resolve a benefits claim. (Id. at 128.) Proceeding to deny the claim without pursuing additional (e.g., written) information from the bank when there were disputed factual issues was not reasonable.

Therefore, I will grant the motion to remand to Unum for a more thorough inquiry into the relationship between Host's injury and his income loss, a matter on which I express no opinion. See, e.g., Buffonge v. Prudential Ins. Co. of Am., 426 F.3d 20, 31–32 (1st Cir. 2005). I leave the determination whether and to what extent the record should be expanded to the plan administrator in the first instance. In light of the foregoing, Unum's motion for summary judgment is denied.

For the foregoing reasons, the case is remanded to the plan administrator for further proceedings consistent with this opinion.

It is SO ORDERED.

/s/ George A. O'Toole, Jr.
United States District Judge