UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 13-11578-GAO

BRIAN HOST,
Plaintiff,

v.

FIRST UNUM LIFE INSURANCE COMPANY and UNUM GROUP,
Defendants.

ORDER REGARDING ATTORNEY'S FEES
January 28, 2019

O'TOOLE, D.J.

Previously in this case, I denied the defendant's motion for summary judgment and granted the plaintiff's motion to remand, directing Unum to conduct "a more thorough inquiry into the relationship between Host's injury and his income loss." (Op. & Order 4 (dkt. no. 64).) In that Order, I concluded that "Unum had the ability under the disability policy to compel Deutsche Bank to provide any information reasonably required to resolve a benefits claim. Proceeding to deny the claim without pursuing additional . . . information from the bank when there were disputed factual issues was not reasonable." (Id.) The plaintiff now seeks an award of attorney's fees and costs from the defendants under the Employee Retirement Income Security Act of 1974 ("ERISA"). Host requests an award of $58,548.88 for attorney's fees and an additional $684.88 in expenses. (Pl.'s Reply Br. in Resp. to Unum's Opp'n to Pl.'s Mot. for Att'y Fees & Costs 2 (dkt. no. 99).) Unum has opposed Host's motion for fees, but has not objected to the costs Host seeks.

During the hearing on the motion, the parties informed the Court that, as instructed, Unum had reviewed Host's claim for benefits again and again determined that Host was not eligible for the disability benefits he claimed. In a separate pending action, Host is appealing that decision.

Under ERISA, a court has the discretion to award "a reasonable attorney's fee and costs of action to either party." 29 U.S.C. § 1132(g)(1). However, a "claimant must show 'some degree of success on the merits' before a court may award attorney's fees under § 1132(g)(1)," but this success must be more than "trivial success on the merits" or "purely procedural." Hardt v. Reliance Standard Life Ins., 560 U.S. 242, 255 (2010) (quoting Ruckelshaus v. Sierra Club, 463 U.S. 680, 694 (1983)). In order for a court to find the requisite level of "success" there must be "some meaningful benefit for the fee-seeker." Gross v. Sun Life Assurance Co. of Can., 763 F.3d 73, 77 (1st Cir. 2014) (quoting Gastronomical Workers Union Local 610 & Metro. Hotel Ass'n Pension Fund v. Dorado Beach Hotel Corp., 617 F.3d 54, 66 (1st Cir. 2010)).

In the present case, the Court granted Host's motion for remand so that Unum could conduct a more thorough review of his application for benefits. Host asserts that achieving the remand entitles him to an award of attorney's fees; Unum argues that a remand does not amount to the "success" required in order to be awarded such fees. Unum's position is unpersuasive.

In Gross, the Court of Appeals noted:

> Most courts considering the question left unanswered in *Hardt* have held that a remand to the plan administrator for review of a claimant's entitlement to benefits, even without guidance favoring an award of benefits or an actual grant of benefits, is sufficient success on the merits to establish eligibility for fees under section 1132(g)(1).

763 F.3d at 77 (collecting cases). The court surmised that remand for further administrative proceedings is regarded as "success" because such a decision is inherently based on a finding of some deficiency in the initial administrative review which entitles the claimant to a "renewed opportunity to obtain benefits or compensation." Id. at 78 (citations omitted). Additionally, the court noted "a remand for a second look at the merits of [the claimant's] benefits application is often the best outcome that a claimant can reasonably hope to achieve from the courts. To classify such success as a minimal or 'purely procedural victory' mistakes its importance." Id. at 78–79.

2

Unum argues that because Host's complaint only sought recovery of payment of disability benefits, which was not provided by the Court's remand order, Host was therefore unsuccessful in his suit and ineligible for attorney's fees. Unum ignores the fact that Host's complaint also contains a prayer for relief requesting that this Court "[a]ward such other relief as the court deems just and reasonable," (Compl. 10 (dkt. no. 1)), which "easily incorporates the court-ordered remand granted by the Court," see Colby v. Assurant Employee Benefits, 635 F. Supp. 2d 88, 96–97 (D. Mass. 2009).

Additionally, Unum's subsequent determination on remand that Host was not eligible for disability benefits does not disqualify him from receiving attorney's fees for his success in obtaining the remand. See Gross, 763 F.3d at 80–81. Although Unum's ultimate denial of benefits on remand may be relevant to the Court's calculation of attorney's fees, that fact should not prevent Host from recovering fees for getting a second chance at making his case. See id. Regardless of what occurred after the remand order, Host successfully demonstrated that Unum's initial decision was defective, and he is eligible to recover reasonable attorney's fee as a result of that success. See Petrone v. Long Term Disability Income Plan for Choices Eligible Emps. of Johnson & Johnson & Affiliated Cos., Civil Action No. 11-10720-DPW, 2014 WL 1323751, at *3, n.1 (D. Mass. Mar. 31, 2014) (citing Richards v. Johnson & Johnson, Civil Action No. 08-279, 2010 WL 3219133 (E.D. Tenn., Aug. 12, 2010)).

Having determined that Host is eligible to receive attorney's fees under § 1132(g)(1), the Court must consider whether an award is appropriate using the five-factor test articulated in Cottrill v. Sparrow, Johnson & Ursillo, Inc., 100 F.3d 220, 225 (1st Cir. 1996) (abrogated on other grounds by Hardt, 560 U.S. 242). No single factor is outcome determinative. Gross, 763 F.3d at 83.

The first factor, the degree of culpability or bad faith attributable to Unum, weighs slightly in favor of Host. Although there is no evidence of bad faith by Unum, "[i]n finding a need for a remand, [the Court] [has] implicitly found culpability." See Hatfield v. Blue Cross & Blue Shield of Mass., Inc., 162 F. Supp. 3d 24, 44–45 (D. Mass. 2016) (citing Cannon v. Aetna Life Ins., Civil Action No. 12-10512-DJC, 2014 WL 5487703, at *4 (D. Mass. May 28, 2014)). The remand order in this case identified a deficiency in the review process conducted and controlled by Unum, making it sufficiently culpable in the relevant sense. See Janeiro v. Urological Surgery Prof'l Ass'n, 457 F.3d 130, 143 (1st Cir. 2006).

The second factor directs the Court to examine Unum's ability to pay an award. Unum does not dispute that it has the financial resources to pay, and so this factor also weighs in Host's favor. However, Unum's ability to pay, alone, "does not justify an award." See Hatfield, 162 F. Supp. 3d at 45 (quoting Cottrill, 100 F.3d at 226–27).

The next factor, the extent to which an award would deter others in similar circumstances, also weighs in Host's favor. "The First Circuit has recognized the value of motivating fiduciaries to comply more attentively with the procedural obligations imposed by ERISA, including through the development of complete administrative records." Hatfield, 162 F. Supp. 3d at 45 (citing Gross, 763 F.3d at 84–85). Awarding attorney's fees in this case could encourage Unum, and potentially others, to be diligent and proactive in sufficiently developing the administrative record prior to denying a claim.

The fourth factor focuses on the benefit that a successful lawsuit generates in favor of other plan participants generally. This factor weighs in favor of Host because this Court's decision to remand demonstrates that each plan participant is entitled "full and fair review of their claims." See Cannon, 2014 WL 5487703, at *4; see also Hatfield, 162 F. Supp. 3d at 45.

Finally, the fifth factor is based on the merits of each party's position. As previously discussed, Unum again denied Host disability benefits after the remand. However, the lack of success by Host does not by itself preclude his recovery of attorney's fees for his success in achieving the remand and reconsideration of his application. See Hatfield, 162 F. Supp. 3d at 45. After considering all five factors together, Host is entitled to reasonable attorney's fees.

What is reasonable, however, may be colored by subsequent events. Host's application was reconsidered after remand and again denied by Unum. His appeal from that second denial has yet to be decided. Assessing the value to him of the remand opportunity may well be affected by his success or not in obtaining benefits as a result of his appeal.

Accordingly, Host's present motion (dkt. no. 76) is GRANTED to the extent that his right to an award of fees in some amount for his success in obtaining the remand is recognized. It is DENIED WITHOUT PREJUDICE as to the determination of what a reasonable award should be, pending the outcome of his appeal from the second denial of benefits.

It is SO ORDERED.

/s/ George A. O'Toole, Jr.
United States District Judge